**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHARON BURKE-JOHNSON,

     Plaintiff,       Case No. 04-73996

v.               Hon. Lawrence P. Zatkoff

ANTHONY J. PRINCIPI,
SECRETARY OF THE DEPARTMENT
OF VETERANS AFFAIRS

     Defendant.

_____/

**PROTECTIVE ORDER REGARDING THE DISCLOSURE**
**OF RECORDS SUBJECT TO THE PRIVACY ACT**

  The plaintiff, Sharon Burke-Johnson  has requested from the defendant, Anthony J.

Principi, Secretary of the Department of Veterans Affairs, certain personnel records, reports,

documents, statements, materials and other things (hereinafter collectively referred to as

"records") that are in the possession, custody, and control of the Department of Veterans Affairs

and that are deemed private and confidential under the Privacy Act of 1974, 5 U.S.C. § 552a.

The requested records are subject to the restrictions of the Privacy Act, 5 U.S.C. § 552a, because

they include the names, identifying information, and/or actions of  individuals who are not

parties to this case.

  The parties agree that a Protective Order is appropriate in this case so that documents

which are subject to the provisions of the Privacy Act, 5 U.S.C. §552a can be disclosed to the

parties.

  The substance of information subject to this Protective Order shall not be distributed or

otherwise disclosed except as provided herein as follows:

1.  To the extent that the Privacy Act may be asserted as a basis for withholding certain documents or portions of documents requested by plaintiff in the course of this litigation, the parties, through their respective attorneys and/or representatives are authorized to produce the requested documents when the information contained therein is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence, and the plaintiff's need for disclosure of such records outweighs the Privacy Act's concerns against disclosure so long as appropriate protective measures are taken. This stipulation and order do not apply to those records or portions of records that include privileged information, if any, or that are otherwise objectionable.  Upon approval of this stipulation and order, and under the authority of the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11), such production will not be contrary to the Privacy Act even though the documents contain the names and other identifying information and/or actions regarding persons who are not parties to this case.

2.  This Protective Order shall apply to all documents and information marked or designated "SUBJECT TO PROTECTIVE ORDER" by Defendant. Defendant shall only designate as "SUBJECT TO PROTECTIVE ORDER" documents or information which counsel reasonably believe warrant such treatment.  Plaintiff may challenge such designation by motion to the Court.  Such motion shall include a certification that Plaintiff has in good faith conferred or attempted to confer with Defendant in an effort to resolve any disagreement about such designation. The parties agree that the Department of Transportation' records identifying specific employees are subject to this Order.

3.  This Protective Order shall also apply to medical records designated "SUBJECT TO PROTECTIVE ORDER" by plaintiff.  Plaintiff shall only designate as "SUBJECT TO PROTECTIVE ORDER" those medical records which counsel reasonably believe warrant such treatment.  Defendant may challenge such designation by motion to the Court.  Such motion shall include a certification that Defendant has in good faith conferred with Plaintiff in an effort to resolve any disagreement about such designation.

4.  Except for home addresses, telephone numbers, social security numbers and marital information, Defendant shall release to Plaintiff information responsive to Plaintiff's discovery requests that is not otherwise privileged or objectionable, regardless of whether the information is or may be subject to the Privacy Act, 5 U.S.C. § 552a(b), or would, if disclosed, intrude on the privacy interests of third persons not before this Court, without obtaining prior written consent of the individuals to whom such records pertain.

5.  To the extent that deposition testimony concerns information which is subject to this Protective Order, the parties, their agents, or the counsel of the parties may designate upon review of the transcript, any portion of the transcript which discloses such information, and such testimony shall not be distributed or otherwise conveyed to anyone except as provided.

6.  The parties may mark and otherwise use all documents and information marked or designated "SUBJECT TO PROTECTIVE ORDER" as exhibits to dispositive motions and during the course of depositions to the extent necessary, including by displaying such documents to deponents upon expressly informing the deponent that personal information contained therein shall be kept confidential, and by questioning deponents concerning such documents.  To the extent that any of the documents are used as exhibits or otherwise referred to during depositions,

those exhibits and those portions of the deposition transcripts referring to the exhibits shall be designated as "SUBJECT TO PROTECTIVE ORDER", and any party filing any such documents or testimony may move to protect the Confidential portion thereof, except as otherwise ordered by the Court.

7.  The Court and the parties shall address the use at trial of Information subject to the Protective Order at an appropriate time before trial.

8.  The records produced by the parties in this case by their agents or representatives pursuant to this stipulation and order shall be used only for purposes of this litigation, and all copies shall be destroyed or returned to the undersigned attorneys within sixty (60) days of termination of this litigation, including appeals or after the time to file an appeal has expired. The documents produced shall be made available only to the court, the parties, their counsel, and to consultants, advisors, and experts retained by counsel for purposes of this litigation.

9.     All persons having access to the documents produced pursuant to this stipulation and order will agree not to further disclose the documents, or the information they contain, other than in conformance with this order (or such further order as the Court may enter), or the provisions of the Privacy Act, 5 U.S.C. § 552a(b).  Before the parties disclose the information to any person, such person shall have read a Stipulation and the Protective Order, and must sign a copy acknowledging that they understand the Order.  No person who has access to information produce pursuant to this stipulation, shall disclose such information to any person except for purposes of this litigation, and such information shall be used only for purposes of this litigation.

10.  Portions of any documents created by Plaintiff or Defendant containing Privacy Act

protected or other personal information derived from documents or information designated as

"SUBJECT TO PROTECTIVE ORDER" must be destroyed by the undersigned attorneys when this litigation is concluded.

11.     This order does not constitute a ruling on the question of whether particular records or portions of records are discoverable or admissible, nor does it constitute a ruling on whether certain records or portions of records contain privileged information.  Moreover, this order shall not be construed as a waiver by the parties or their representatives or agents of any objections that might be raised as to the production or admissibility of any of the records during the course of this litigation.

12.  This order does not limit or in any way preclude the rights of the United States Department of Justice, Department of Veteran Affairs  to access, review and/or maintain documents containing information subject to the Privacy Act.

13.     The parties shall take all steps reasonably required to protect the confidentiality of documents in any filings with the Court which contain records or summaries of records protected by this stipulation and order.

14.  Persons who have access to information produced pursuant to this stipulation shall control and supervise the documents and information derived from them to prevent unauthorized or accidental disclosure of personal information.

15.  To the extent that either party wishes to modify or clarify any provision of this

Order, or seek relief from any of its provisions, such party may move the Court for the

requested relief.


**IT IS SO ORDERED:**



s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE


Dated:  September 19, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of
record by electronic or U.S. mail on September 19, 2005.


s/Marie E. Verlinde
Case Manager
(810) 984-3290

8